UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PAMELA MELFITINO, | Case No. 2:19-CV-1026 JCM (BNW) |
| Plaintiff(s), | ORDER+ |
| v. | |
| MCCORMICK & COMPANY, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Pamela Melfiteno's ("Melfiteno") motion to remand. (ECF No. 8). Defendant McCormick & Company, Inc. ("McCormick") filed a response (ECF No. 11). Melfiteno has not replied and the time to do so has passed.

**I.  Facts**

McCormick is a foreign company that manufactures, designs, and distributes Simply Asia Thai Green Curry Paste. (ECF No. 3-2 at 3). On May 5, 2017, Melfiteno, a Washington citizen, purchased a jar of McCormick's curry paste at a grocery store in Las Vegas, Nevada. *Id.* On May 9, 2017, Melfiteno prepared a meal using the curry paste and allegedly, unbeknownst to her, ingested numerous shards of glass. *Id.* at 4.

On February 8, 2018, Melfiteno sent McCormick a demand letter to settle the dispute for $175,000.00. (ECF No. 8 at 13). However, McCormick did not accept the offer. *Id.* As a result, Melfiteno filed a complaint in Nevada state court on May 8, 2019, claiming negligence, strict liability, and breach of implied warranty. *Id.* On June 14, 2019, McCormick removed the case to federal court. (ECF No. 11 at 2). On June 17, 2019, Melfiteno sent a second demand letter to settle the dispute for $65,000.00. (ECF No. 8 at 11). Now, Melfiteno moves to remand, asserting the amount in controversy does not satisfy diversity jurisdiction. *Id.*

**James C. Mahan
U.S. District Judge**

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id*. at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id*. at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## III. Discussion

Melfiteno moves to remand the case, contending that the court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 8). Specifically, Melfiteno argues that the amount in controversy does not exceed the $75,000 requirement for diversity jurisdiction. *Id*.

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28

U.S.C. § 1332(a); *Mateo Yokeno v. Sawako Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (citation omitted). The party asserting diversity jurisdiction has the burden to establish (1) complete diversity; and (2) the amount in controversy. *See* 28 U.S.C. § 1332(a).

McCormick argues that Melfiteno's February 8, 2018, settlement demand establishes the amount in controversy. (ECF No. 11 at 4–5). Section 1446(b) states in part: "If the case stated by the initial pleading is not removeable, a notice of removal may be filed . . . through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which is may first be ascertained that the case is one which is or has become removeable . . ." 28 U.S.C. § 1446(b).

The Ninth Circuit has held that "a demand letter sent during the course of the state action can constitute 'other paper' within the meaning of section 1446(b) if it reflects a reasonable estimate of the plaintiff's claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (citing *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007)). However, a demand letter sent prior to the initial pleading cannot give notice of removal. *Id*. (citing *United States v. Williams*, 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008)).

Here, Melfiteno sent the demand letter to McCormick one year and three months before Melfiteno filed her complaint. (ECF Nos. 3-2, 8 at 13). The court therefore concludes that Melfiteno's initial demand letter is insufficient to prove the amount in controversy.

The complaint also does not give notice of removal as it alleges damages in excess of $60,000.00 and does not incorporate any documents showing that over $75,000.00 are in dispute. (ECF No. 3-2). Moreover, Melfetino has already offered to settle this case for $65,000.00, which is below the jurisdictional threshold. *See* (ECF No. 8). Accordingly, the court will remand this case for lack of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Melfiteno's motion to remand (ECF No. 8) be, and the same hereby is, GRANTED.

1    IT IS FURTHER ORDERED that the matter of *Melfiteno v. McCormick & Co., Inc. et al.*, case number 2:19-cv-01026-JCM-BNW, be and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED July 26, 2019.

                                                                                                                                                                                                             /s/ James C. Mahan
                                               UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**